### François Castaing *v.* The New Orleans Improvement and Banking Company and others.

The lessee of a part of a building, in which, by the regulations of the lessors, sales at auction were to be made, cannot maintain an action against a Sheriff for making his sales in another apartment leased for another purpose, nor against the lessor of such apartment, who is not shown to have received any remuneration for allowing such sales, and between whom and the plaintiff no privity exists.

APPEAL from the District Court of the First District, *Buchanan*, J.

*Deslix*, for the appellant.

*Marsoudet* and *Ducros*, for the defendants.

BULLARD J. The character of this action is sufficiently explained in the judgment lately rendered in the same case, *ante*, p. 177, on an appeal by the plaintiff from a judgment sustaining an exception of the Bank. The case, so far as it concerns the other defendants, Ducros and Alvarez, was submitted to a jury, whose verdict was for the defendants ; and for a judgment pronounced thereon, the plaintiff prosecutes the present appeal.

If Ducros had conducted his Sheriff's sales in the street, it is clear the lessee of the Rotunda of the St Louis Exchange, would have had no right of action against him. The jury appear to have thought he had an equal right to do so in the coffee room, and we are not prepared to say that they erred.

It is not shown that Alvarez received any remuneration from the Sheriff for permitting the sales, and there is no privity between the plaintiff and him. If Castaing had permitted auctioneers to give refreshments to their bidders in the Rotunda, Alvarez would perhaps have no right to complain, although the latter kept the bar in the vestibule. Whether it was the duty of the lessors to maintain their own regulations, is a question yet to be settled. But it is difficult to see on what ground an action can be maintained by the plaintiff against a public officer, for not making his sales in the Rotunda, or against the lessee of the vestibule, for not preventing it.

*Judgment affirmed.*